**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSEPH MICHAEL KISH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-2389 |
| | § | |
| DAVID A. ROGERS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Plaintiff Joseph Michael Kish filed suit against defendants David Rogers, Dennis Middleton, and Research Mannikins, Inc. in Justice of the Peace Court Precinct 1 in Grimes County, Texas.[1]  Research Mannikins is an Oregon corporation that makes molds of objects sculpted by private individuals and sells the forms made from the molds, paying royalties to the sculptors based on the sales.  Rogers and Middleton are the principals of Research Mannikins and live and work in Oregon.  Research Mannikins has obtained sculptures from Kish and pays him royalties based on sales.

In December 2005, the IRS issued a Notice of Levy to Research Mannikins.  The levy was to obtain the royalties owed Kish to collect past due federal income taxes.  The IRS asserts that it has a federal tax lien on the royalty payments based on Kish's failure to pay federal income taxes for the 2000, 2001, and 2002 tax years.  The United States asserts that the royalty payment agreement between Research Mannikins and Kish extends into the future

---

[1] Defendant Dennis Middleton's name also appears as "Dennis Middletown" in parts of the record.

and will result in further payments.  Research Mannikins honored the Notice of Levy and paid the IRS the royalty payments due Kish.  Kish first demanded that Research Mannikins and its principals ignore the levy, then sued them in small-claims court for their alleged breach of the royalty agreement by paying royalties to the IRS under the tax levy.

The United States filed and was granted a motion to intervene in the small-claims court action under 26 U.S.C. § 7424.  The United States then removed the action to this court.  Kish, who is proceeding *pro se*, filed an objection to the Notice of Removal and a "Notice of Willful Fraud and Request to Investigate" and Motion to Set Aside Order, asserting that the United States's intervention was "a crime of fraud."  Kish asked this court to determine whether jurisdiction and removal are proper.  (Docket Entry Nos. 10, 11).  The United States has responded, identifying its statutory authority under 26 U.S.C. § 7424 to intervene to assert a lien on property that is the subject of an action.  (Docket Entry No. 14). The United States also moved in this court to file its complaint in intervention and to amend to assert a counterclaim to reduce Kish's alleged tax liabilities to judgment and foreclose the tax liens on Kish's interest in his royalty agreement with Research Mannikins.  (Docket Entry No. 15).  Kish objected to the motion to file the complaint in intervention, arguing that the United States is seeking "declaratory relief in a matter of federal taxes, which is barred under 28 U.S.C. § 2201(a)."  (Docket Entry No. 23).  The United States filed a response to Kish's objection, asserting that jurisdiction over the intervention is based on 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402.  The United States also clarifies that it is not seeking declaratory relief under 28 U.S.C. § 2201.  (Docket Entry No. 26).

Kish also filed a motion to obtain a default judgment against Research Mannikins, Rogers, and Middleton in the amount of $2,568.93 in royalties due Kish that were paid to the United States under the tax levy, asserting that these defendants had failed to appear. (Docket Entry No. 16).   These defendants have appeared, responded to the motion for default, and moved for summary judgment. These defendants assert that under 26 U.S.C. § 6332, they had no alternative but to pay the royalties under the tax levy and that having done so, they are "discharged from any obligation or liability to the delinquent taxpayer . . . arising from the surrender or payment" of the royalties.  26 U.S.C. § 6332(e). Research Mannikins, Rogers, and Middleton seek dismissal with prejudice.  (Docket Entry No. 17).

Based on the pleadings, the motions and responses, the parties' submissions, and the applicable law, this court grants the United States's motion for leave to intervene and amend to assert counterclaims; overrules Kish's objection to the motion and finds the intervention proper; denies Kish's motion for default judgment against Research Mannikins, Rogers, and Middleton; and grants these defendants' motion for summary judgment, dismissing the claims against them, with prejudice.  The reasons for these decisions are set out below.

## I.   The United States's Intervention

The United States moves for leave to file its complaint in intervention and to counterclaim in order to reduce Kish's tax liabilities to judgment and foreclose its liens on the royalties.  (Docket Entry No. 15 at 2).  Kish responds that the United States cannot intervene and that this court lacks jurisdiction over this small-claim court breach of contract

suit.  Kish argues that the United States is seeking declaratory relief with respect to federal taxes, which is precluded by 28 U.S.C. § 2201.  (Docket Entry No. 11).

Section 2201 provides as follows:

> In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986 . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

The United States is not seeking declaratory relief and its intervention is not precluded by § 2201.  The United States is proceeding under 26 U.S.C. §§ 7402, 7403, and 7424, which authorize it to sue on behalf of the IRS in United States District Courts, to enforce liens and collect taxes, as well as seek other relief.[2]  This court also has jurisdiction under 28 U.S.C.

---

[2] Section 7402(c) provides:

> Any officer or employee of the United States acting under authority of this title, or any person acting under or by authority of any such officer or employee, receiving any injury to his person or property in the discharge of his duty shall be entitled to maintain an action for damages therefor, in the district court of the United States, in the district wherein the party doing the injury may reside or shall be found.

26 U.S.C. § 7402(c).  Section 7403(a) provides:

> In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

26 U.S.C. § 7403(a).  Section 7424 provides:

> If the United States is not a party to a civil action or suit, the United States may intervene in

4

§ 1340, which provides district courts jurisdiction over civil actions arising under any act of Congress for internal revenue, and § 1345, which provides district courts jurisdiction over civil actions commenced by the United States under congressional authority.  The United States properly intervened as the real party in interest in the state court.  26 U.S.C. § 7424. This court has removal jurisdiction over this federal question suit.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "'shall be freely given when justice requires,' FED. R. CIV. P. 15(a), and 'evinces a bias in favor of granting leave to amend.'"  *Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)).  A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "whether there has been 'undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party, and futility of amendment.'"  *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996)).

The *Southmark* factors support amendment.  There has been no delay in filing its motion for leave; the United States filed its motion for leave to intervene and counterclaim before this court entered a scheduling order in this case and just two months after removal. There is no evidence of bad faith or prejudice to Kish resulting from the amendment.

Kish's primary arguments are that the United States cannot constitutionally intervene

---

such action or suit to assert any lien arising under this title on the property which is the subject of such action or suit.

26 U.S.C. § 7424.

in a state-court breach of contract suit and cannot constitutionally collect a tax levy.  Under

26 U.S.C. §§ 6321–6322, if a person liable to pay federal taxes does not do so after demand,

a federal tax lien attaches in favor of the United States to the person's property in the amount

owed.  The lien arises at the time the United States assesses that person's tax liability.  26

U.S.C. §§ 6321–6322.  IRS Forms 4340 are valid evidence of proper assessment by the IRS

of a taxpayer's liabilities.  *Perez v. United States*, 312 F.3d 191, 195 (5th Cir. 2002);

*McCarty v. United States*, 929 F.2d 1085, 1089 (5th Cir. 1991).  The Fifth Circuit has held

that the tax levy procedure is constitutional and does not violate due process.  *Davis v. U.S.

Gov't*, 742 F.2d 171, 173 (5th Cir. 1984); *Myers v. United States*, 647 F.2d 591, 602 (5th Cir.

1981).  The United States's complaint in intervention and counterclaims are not futile, but

state a cause of action on which relief can be granted.  The motion for leave to file a

complaint in intervention is granted; Kish's objection to the United States's motion to file

a complaint in intervention is overruled.

## II.     The Summary Judgment Motions

Both Kish and the defendants have moved for summary judgment.  Summary

judgment is appropriate if no genuine issue of material fact exists and the moving party is

entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  The moving party bears the

initial burden of "informing the district court of the basis for its motion, and identifying those

portions of [the record] which it believes demonstrate the absence of a genuine issue of

material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lincoln Gen. Ins. Co. v.

Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  When the moving party has met its Rule 56(c)

burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings.  The nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim. *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 304 (5th Cir. 2004). The nonmovant must do more than show that there is some metaphysical doubt as to the material facts. *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003).  In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002). "Rule 56 'mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 322).

Kish argues in his notice of party in default and summary judgment motion that the defendants failed to appear in state court or in federal court after removal.  He argues that their failure to appear warrants a default judgment in his favor.  In support of his motion, Kish attaches an affidavit in which he describes a September 12, 2006 telephone call with Research Mannikins's agent, David Rogers.  He states that Rogers, on behalf of the other defendants, told him that they were not involved in this litigation, which was between Kish and the IRS.

7

The defendants have appeared in this suit and moved for summary judgment under 26 U.S.C. § 6332(e).  Their appearance makes default judgment inappropriate.  *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 142 (5th Cir. 1996) (holding that the defendant's appearance in the suit precluded entry of default judgment); *United States v. McCoy*, 954 F.2d 1000, 1003 (5th Cir. 1992) (stating that making an appearance requires an indication "in some way [of] an intent to pursue a defense," and is a "relatively low threshold" to meet).  Kish's motion for default judgment against Research Mannikins, Middleton, and Rogers is denied.

The IRS may satisfy outstanding income taxes by issuing a nonjudicial, administrative levy under 26 U.S.C. § 6331 *et seq.  See United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 720–21 (1985).  When the IRS issues a notice of levy on property to collect outstanding income taxes, the custodian of that property must comply with the notice of levy; if not, he becomes "liable in his own person and estate" to the government for the amount in question and possible additional penalties.  26 U.S.C. § 6332(d)(1)–(2); *Nat'l Bank of Commerce*, 472 U.S. at 721.  A party that complies with the IRS's notice of levy is immunized from liability to the taxpayer for delivering that taxpayer's property to the IRS.  26 U.S.C. § 6332(e); *see also Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 560–61 (5th Cir. 1997); *Burroughs v. Wallingford*, 780 F.2d 502, 503 (5th Cir. 1986) (*per curiam*).  Section 6332(e) provides:

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under

subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

26 U.S.C. § 6332(e).

The record shows that defendants fully complied with the levy by paying Kish's royalties to the IRS.  They are immune from liability under Section 6332(e) and are entitled to dismissal from this suit.  *Melton*, 114 F.3d at 560.

Kish argues that the notice of levy was not a legally valid basis for the defendants to claim immunity for paying the royalties due him to the United States.  He argues that a "'Notice of Lien' merely indicates that a lien <u>MAY</u> exist somewhere.  A notice of lien that is not preceeded [sic] by an Abstract of Judgement [sic] or a Warrant of Distraint has no force or affect [sic] in law and does not qualify as a bona fide lien.  Reason tells us that the 'notice' is not the thing."  (Docket Entry No. 11 at 3).  He later argues that the notice of levy is "a fraud on the face of the document."  (*Id.* at 4).  Kish's arguments about the validity of the notice of levy do not affect the defendants' immunity.  These objections are "matters . . . properly considered in a suit against the IRS and not against [defendants]."  *Burroughs*, 780 F.2d at 503.  Because there is no genuine issue as to any fact material to whether defendants Rogers, Middleton, and Research Mannikins are liable to Kish for making royalty payments to the IRS, those defendants are entitled to judgment as a matter of law.  *Melton*, 114 F.3d at 560.

Rule 54(b) of the Federal Rules of Civil Procedure provides that:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party

> claim . . . the court may direct the entry of a final judgment as to
> one or more but fewer than all of the claims or parties only upon
> an express determination that there is no just reason for delay
> and upon an express direction for the entry of judgment.

FED. R. CIV. P. 54(b).

A court may grant a Rule 54(b) judgment if more than one claim for relief is presented or multiple parties are involved in an action. *Samaad v. City of Dallas*, 940 F.2d 925, 929 (5th Cir. 1991). Before granting a Rule 54(b) certification motion, a district court must find that the judgment is final and that there is no just reason for delay in entering the final judgment. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).

This court has found that defendants Rogers, Middleton, and Research Mannikins, Inc. are immune from liability under 26 U.S.C. § 6332(e) against the breach of contract claims Kish has asserted. Kish's breach of contract claims against these defendants are distinct from the United States's claims for recovery of outstanding taxes. Kish's claims against Rogers, Middleton, and Research Mannikins, Inc. are dismissed with prejudice. *Taylor v. U.S. I.R.S.*, 192 F.R.D. 223, 226 (S.D. Tex. 1999) (dismissing with prejudice claims against a property custodian who complied with § 6332(e)); *Tinsley v. C.I.R.*, 958 F. Supp. 277, 280 (N.D. Tex. 1997) (same). The order as to them is final and there is no just reason for delay in entering final judgment dismissing the claims against these defendants.

## III.   Conclusion

The United States's motion for leave to file a complaint in intervention and counterclaims is granted. Kish's objection to the United States's motion is denied. Kish's

notice of default and summary judgment motion against Research Mannikins, Rogers, and

Middleton is denied; the summary judgment motion filed by Research Mannikins, Rogers,

and Middleton is granted.  This court will enter final judgment in favor of these defendants

by separate order.

SIGNED on November 8, 2006, at Houston, Texas.

Lee H. Rosenthal
United States District Judge