**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSEPH MICHAEL KISH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-2389 |
| | § | |
| DAVID A. ROGERS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The United States intervened in a small-claims court action filed by Joseph Michael Kish against David Rogers, Dennis Middleton, and Research Mannikins, Inc. in the Justice of the Peace Court Precinct 1 in Grimes County, Texas. The United States then removed the action to this court and asserted claims against Kish to recover unpaid federal income taxes for the 2000, 2001, 2002, and 2003 tax years, as well as interest and penalties. In response, Kish, who is representing himself, argued that the Internal Revenue Service (IRS) recorded an unlawful Notice of Lien against his property in Grimes County and defrauded him of money to which he is rightfully entitled. This court granted the United States's motion for summary judgment and granted the United States's motion to amend its complaint to add Jan Kish, Kish's ex-wife, as a party. Mrs. Kish's name appears on stock certificates for 999 shares of General Electric and 134 shares of Altria/Philip Morris that the United States attached and seized from Kish. The stock certificates are now held in escrow.

Kish has filed an objection to this court's order granting summary judgment against him and has moved for a new trial under Federal Rule of Civil Procedure 59. (Docket Entry No. 70). The United States has responded, (Docket Entry No. 73), and Kish has replied, (Docket Entry No. 79). Kish has also moved to dismiss the United States's amended complaint for failure to state a claim. (Docket Entry No. 71). The United States has responded. (Docket Entry No. 74). In addition, Kish filed a "Notice to the Court," asking this court to take judicial notice of a phone call from counsel for the United States to Mrs. Kish, which Kish contends intimidated his ex-wife. Kish seeks sanctions against the United States for "unlawful and inappropriate activity." (Docket Entry No. 72 at 3). The United States has responded, (Docket Entry No. 75), and Kish has replied, (Docket Entry No. 78).

Based on the motions, responses, and replies; the parties' submissions; and the applicable law, this court denies Kish's motion for a new trial, denies Kish's motion to dismiss, and denies Kish's motion for sanctions. The reasons for these rulings are set out below.

**I.      Kish's Objection to Order of Summary Judgment and Motion for New Trial**

Kish argues that this court should set aside its order granting summary judgment and grant Kish's motion for a new trial because the Internal Revenue Service (IRS) "has stripped Kish of 100% of his only reliable means of subsistence" and he had no ability to pay for legal counsel. (Docket Entry No. 70 at 2). Kish also argues that "the lack of clarity in USA's motions and pleadings as to subject matter, who was who, and issues at hand, prohibited Kish from understanding what removal of his case was even about or even to know exactly who

2

was the complainant or what it was complaining about." (*Id.* at 2). Kish further contends that because the United States "has not averred an injury peculiar to itself" and is "a corporate fictional entity," this court has no jurisdiction over this case, no justiciable controversy exists, and he is therefore entitled to a new trial. (*Id.* at 3). Kish reasserts his argument that this court violated his constitutional right to a jury trial by granting the United States's summary judgment motion. He argues that because the United States "declined to rebut or categorically deny" assertions in his affidavits, fact issues exist that preclude summary judgment. Kish contends that the IRS fabricated records of his tax liability and asserts that he is not subject to a federal income tax. He also argues that the United States failed to attach to its filings a "verification or affidavit testifying to the truth of its claims." (*Id.* at 10). In addition, Kish contends that this court's rulings "have impaired the obligation of contracts between Kish" and Research Mannikins, Inc., in violation of the Constitution. Kish also renews his challenge to this court's jurisdiction over this case.

In response, the United States argues that a new trial under Rule 59(e) is an extraordinary remedy used only "to correct manifest errors of law or fact or to present newly discovered evidence." (Docket Entry No. 73 at 1). The United States contends that a new trial is not warranted because Kish's motion fails to present any newly discovered evidence or arguments that this court's order granting summary judgment relied on a manifest error of law. The United States also argues that Kish has failed to show that fact issues existed, such that summary judgment was inappropriate.

Rule 59 of the Federal Rules of Civil Procedure provides that a "new trial may be granted . . . in any action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States."  "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Beckham v. La. Dock Co., L.L.C.*, 124 Fed. Appx. 268, at *2 (5th Cir. 2005) (citing *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612 (5th Cir. 1985)).  A motion for a new trial should be granted only when "the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence." *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 838–39 (5th Cir. 2004).

A motion to alter or amend a judgment under Rule 59(e) "calls into question the correctness of a judgment," *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002), and "must clearly establish either a manifest error of law or fact or must present newly discovered evidence," *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  A Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).

Kish has not shown that a new trial is warranted or that this court should alter or amend its opinion granting summary judgment.  The United States has shown that Kish is liable to the United States for federal income taxes assessed against him for the 2000, 2001, 2002, and 2003 tax years, plus interest and statutory additions.  The United States has shown

that a valid lien exists on Kish's property and that the IRS levy on Kish's royalty payments from Research Mannikins is proper. Kish has failed to show that a fact issue exists regarding his tax liability or the validity of the tax lien and levy on the royalty payments.

Kish's assertions about his inability to pay for legal counsel, the lack of clarity in the United States's summary judgment motion, the lack of a justiciable controversy, and the impairment of the contract between him and Research Mannikins raise arguments that he should have made in his summary judgment response. *See Schiller*, 342 F.3d at 567. These assertions do not present newly discovered evidence or establish a manifest error of law. *Id.* This court has already addressed Kish's arguments about jury trial and jurisdiction; no new arguments are raised in his recent motions. Kish cites no case law to support his assertion that filings with this court require an affidavit affirming the truth of the contents. Nor has Kish shown that he is exempt from liability for federal income taxes.

Kish's motion for a new trial is denied.

## II.     Kish's Motion to Dismiss for Failure to State a Claim

Kish argues that the United States's amended complaint fails to state a justiciable controversy. Kish also argues that the United States has no standing to sue because it has alleged no injury. Relying on *Tyler v. Judges of Court of Registration*, 179 U.S. 405 (1900), for the proposition that the duty of the courts "is limited to determining rights of persons or of property," Kish contends that because the United States and the IRS are not living persons, they cannot suffer harm and have no standing. (Docket Entry No. 71 at 7). Kish further argues that the United States has not shown that he engages in a taxable activity. Kish

contends that the United States has fabricated and falsified records relating to his "Individual Master File." (*Id.* at 10).

The United States asserts that it filed its amended complaint adding Jan Kish as a party so that this court could determine her ownership rights in the shares of General Electric stock and Altria/Philip Morris stock seized from Kish. The United States points out that by granting the summary judgment motion, this court determined all issues pertaining to Kish and that "it is questionable whether [Kish] has any standing to file a response to the amended complaint or this motion to dismiss." (Docket Entry No. 74 at 1).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b) (6). The Supreme Court recently clarified the standards that apply in a motion to dismiss for failure to state a claim. In *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), the Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974; *see also Erickson v. Pardus*, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.

Kish's arguments that the United States lacks standing or has failed to allege a justiciable controversy are not persuasive. The United States asserts that Kish has failed to pay federal income tax for the tax years 2000, 2001, 2002, and 2003. The United States has alleged a sufficient injury to its sovereign rights to support standing to sue in district court. *See United States v. City of Pittsburgh*, 757 F.2d 43, 45 (3d Cir. 1985) (citing *United States v. Nevada Tax Comm'n*, 439 F.2d 435 (9th Cir. 1971)). The question of ownership of the seized stock certificates presents a justiciable controversy between parties with adverse legal interests. *See Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 57 (1976) (distinguishing between a justiciable controversy and a "difference or dispute of a hypothetical or abstract character").

Kish's arguments that the United States has falsified records and has failed to show that he engages in a taxable activity similarly fail. This court addressed these contentions in its memorandum and order of October 22, 2007. (Docket Entry No. 64). Kish has not shown a basis for dismissing the United States's amended complaint under Rule 12(b)(6).

Kish's motion to dismiss for failure to state a claim is denied.

### III.   Kish's Notice to the Court and Motion for Sanctions

Kish asks this court to take notice that Jan Kish has not been served and that she has no counsel. Kish asserts that counsel for the United States called Mrs. Kish on the phone and "intimidated" her, without asking whether she was represented by an attorney. Kish further asks this court to take notice that Mrs. Kish fears retaliation from the United States and "asks the Court's protection from prosecutorial abuse and the taking of unfair advantage of all

Defendants in this matter." (Docket Entry No. 72 at 3). Kish requests sanctions against the United States's "unlawful and inappropriate activity." (*Id.* at 3).

In response, the United States asserts that it timely filed an amended complaint and proposed scheduling order and that a third-party summons was served on Mrs. Kish. Before the summons was served, counsel for the United States contacted Mrs. Kish as a courtesy to inform her of the suit and to explain why she was a party. The United States argues that sanctions are unwarranted.

District courts have inherent power to sanction a litigant for bad-faith conduct and abusive litigation practices. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ("[C]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." (internal quotations omitted)). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* at 45 (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)).

Kish has failed to show that sanctions are warranted. The United States asserts that its counsel called Mrs. Kish as a courtesy to explain why she was being served and what this suit was about. Although the nature of the phone call may have distressed Mrs. Kish, Kish has not shown that the United States acted in bad faith or engaged in abusive litigation practices.

Kish's motion for sanctions is denied.

## IV. Conclusion

Kish's motion for a new trial, motion to dismiss, and motion for sanctions are denied.

SIGNED on January 30, 2008, at Houston, Texas.

_____
                           Lee H. Rosenthal
                   United States District Judge