**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSEPH MICHAEL KISH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-2389 |
| | § | |
| DAVID A. ROGERS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This suit against a taxpayer arose from a small claims suit.  The United States intervened in a suit filed by Joseph Michael Kish against David Rogers, Dennis Middleton, and Research Mannikins, Inc. in the Justice of the Peace Court Precinct 1 in Grimes County, Texas.  The United States removed the case to this federal court and asserted claims against Kish to recover unpaid federal income taxes for the 2000, 2001, 2002, and 2003 tax years, as well as interest and penalties.  In response, Kish, who is representing himself, argued that the Internal Revenue Service recorded an unlawful Notice of Lien against his property in Grimes County and defrauded him of money to which he is rightfully entitled.  Kish raised arguments that are customarily raised by those protesting the United States's right to collect federal income taxes.

This court granted the United States's motion for summary judgment and granted the United States's motion to amend its complaint to add Jan Kish, Kish's ex-wife, as a party. Mrs. Kish's name appears on  stock certificates for 999 shares of General Electric and 134

shares of Altria/Philip Morris that the United States attached and seized from Kish.  The stock certificates are now held in escrow.

The following motions are pending:

- The United States has moved to appoint a receiver to sell Kish's interest in a royalty contract with Research Mannikins, Inc. (Docket Entry No. 96).  Kish has objected, (Docket Entry No. 98), and the United States has replied, (Docket Entry No. 99).

- Kish has filed a "Notice of Violation of Federal Rules of Civil Procedure, Rule 4(c)(2) and Notice of Complaint." (Docket Entry No. 85).  The United States has responded.  (Docket Entry No. 92).

- Kish has filed a "Request to take Notice of Facts of Resolution and Motion to Resolve." (Docket Entry No. 86).  The United States has responded, (Docket Entry No. 93), and Kish has replied, (Docket Entry No. 94).

- Kish has filed a "Notice of Claim of Rights." (Docket Entry No. 89).  The United States has responded.  (Docket Entry No. 91).

- Lastly, Kish has filed a "Notice of Understanding and Intent." (Docket Entry No. 97).  The United States has responded.  (Docket Entry No. 100).

Based on the motions, responses, and replies; the parties' submissions; and the applicable law, this court grants the United States's motion to appoint receiver.  Kish's Request to take Notice of Facts of Resolution and Motion to Resolve is denied.  Kish's Notice of Violation of Federal Rules of Civil Procedure, Rule 4(c)(2) and Notice of

Complaint is denied.  This court declines to address Kish's Notice of Claim of Rights and Notice of Understanding and Intent because Kish seeks no relief from this court in those filings.  The reasons for these rulings are set out below.

## I.      Background

Kish designs and sculpts models for life-size animal mannequins for taxidermy supply companies, including Precision Mannequins, Inc. and Research Mannikins, Inc.  In May 2001, Kish and Research Mannikins entered into a "Research Mannikins Sculptor Royalty Agreement."  Under this agreement, Research Mannikins manufactures and sells taxidermy pieces using Kish's models and pays him a 10% royalty from each sale.  The royalty payments are made quarterly and have averaged between $20,000 to $25,000 per year.  The parties' agreement provides that Research Mannikins will make royalty payments to Kish "in perpetuity."

For tax years 2000, 2001, 2002, and 2003, Kish failed to pay any income tax.  The Internal Revenue Service (IRS) issued Kish a statutory Notice of Deficiency for his tax liability for each year.  On December 13, 2005, the IRS issued a notice of levy to Research Mannikins based on Kish's tax deficiency.  (Docket Entry No. 59, Ex. 20).  The notice listed an unpaid balance of $166,827.96 for tax year 2000; an unpaid balance of $9,830.27 for tax year 2001; an unpaid balance of $8,160.74 for tax year 2002; and a penalty of $321.85 for tax year 2000.  (*Id.*).  The notice also provided details of "Statutory Additions" for each unpaid balance that brought the total amount due to $210,876.10.  The notice explained that it was "a notice of levy we [the IRS] are using to collect money owed by the taxpayer named

3

above [Kish]" and that "[t]his levy requires you to turn over to us" Kish's wages, salary, or other income for which Research Mannikins is obligated "until this levy is released." (*Id.*). Research Mannikins complied with the levy and sent the royalty payments to the IRS.

The United States seeks to reduce to judgment Kish's federal tax liabilities and to establish that the United States has valid liens on Kish's royalty payments from Research Mannikins.  In a memorandum and order dated October 22, 2007, this court granted the United States's summary judgment motion against Kish, finding that Kish is liable to the United States for the federal income taxes assessed against him for the 2000, 2001, 2002, and 2003 tax years, plus interest and statutory additions, and that the IRS levy on Kish's royalty payments from Research Mannikins was proper.  (Docket Entry No. 64).

The United States now moves to appoint a receiver to sell Kish's interest in the Research Mannikins royalty contract under 26 U.S.C. § 7403 and 28 U.S.C. §§ 2001 and 2004.  (Docket Entry No. 96).  Kish objects on the ground that the United States has no "lawful authority to take, possess, own or sell [his] property" and that the sale of his interest in the royalty contract "amounts to an unlawful taking of [his] property rights without just compensation pursuant to Article V of the Bill of Rights."  (Docket Entry No. 98 at 2).  Kish has also filed several briefs asking this court to take judicial notice of asserted facts and rights.

The parties' filings are addressed below.

## I.     The United States's Motion to Appoint Receiver

Under 26 U.S.C. § 7403 and 28 U.S.C. §§ 2001 and 2004, the United States asks this

court to appoint Randy Williams as a receiver to sell Kish's interest in the Research Mannikins royalty contract. (Docket Entry No. 96). The United States has presented evidence that Randy Williams is neither employed by nor affiliated with the United States Department of Justice other than being appointed to the Chapter 7 Trustee Panel in the Southern District of Texas by the United States Trustee; that he is an experienced Chapter 7 and Chapter 11 trustee and has arranged the sales of various kinds of assets, including contracts and financial instruments; and that he would be willing to accept the appointment. The United States asserts that the sale of Kish's interest in the Research Mannikins royalty contract will likely yield a higher sales price and larger net proceeds than would an auction sale by the United States Marshal under 28 U.S.C. § 2001.

Kish has no objection to the appointment of Wilson in particular. Kish generally objects to appointing a receiver on the ground that the United States has failed to show that it "has lawful authority to take, possess, own or sell Kish's property" and that such the sale of his interest in the royalty contract "amounts to an unlawful taking of [his] property rights without just compensation," violates his due process rights, and "is an unauthorized and unlawful impairment of contracts between [him] and [Research Mannikins]." (Docket Entry No. 98 at 2).

Title 26 U.S.C. § 7402(a) states:

> The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions . . . orders appointing receivers, and other such orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the for the enforcement of the internal revenue laws.

5

Title 26 U.S.C. § 7403(d) states:

> In any such proceeding [to enforce the lien of the United States with respect to a delinquent taxpayer's tax liability], at the instance of the United States, the court may appoint a receiver to enforce the lien . . . .

Kish's objections to the motion to appoint receiver are without merit. Contrary to Kish's assertions, the record shows that a valid lien exists on his interest in the Research Mannikins royalty contract. This court previously held that Kish is liable for the income taxes, penalties, and interest assessed against him for the tax years 2000, 2001, 2002, and 2003, and that the federal tax lien against his interest in the royalty contract is proper. (Docket Entry No. 64).

Under 26 U.S.C. §§ 7402 and 7403, this court may appoint a receiver to enforce a valid lien if "necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). The United States's motion to appoint receiver is granted. An order appointing Randy Williams as a receiver to arrange for and sell Kish's interest in the Research Mannikins royalty contract will be issued separately.

## II.   Kish's Request to Take Judicial Notice of Facts of Resolution and Motion to Resolve

Kish asks this court to "resolve the matter of ownership" of the stock certificates for 999 shares of General Electric and 134 shares of Altria/Philip Morris by "recognizing the facts of [his and his ex-wife's] property rights" in the stock certificates and "command[ing] Government officer to recognize the ownership rights of [Kish and his ex-wife]" and return the certificates "to their lawful and rightful owners, Kish and Jan Kish, without delay."

(Docket Entry No. 86 at 6).  Kish asserts that he and his wife bought the stock certificates during their marriage and that he and Mrs. Kish are "joint tenants of the stock certificates with rights of survivorship." (*Id.* at 2).  He contends that he and his wife "are not owners in common and therefore each owns the stocks in their entirety," such that "capture and seizure of her private property [the stock certificates] by Writ of Attachment directed solely at Kish is a prohibited taking from Jan Kish without just compensation." (*Id.* at 2).  Kish also argues that the "funds and property taken from [him] by notice of levy and this court's judgment far exceed[] [the United States's] claim" for Kish's tax liability, any claim the United States might assert as to the stock certificates "is unjustifiable, unlawful, or both." (*Id.* at 5).

The United States points out that this court granted summary judgment in favor of the United States against Kish and that Kish "has no standing or authority to represent Jan Kish in the action." (Docket Entry No. 93 at 1).  The United States also notes that this court has already found that the attachment and seizure of the stock certificates was legal and proper. Pursuant to this court's order, the United States has maintained possession of the stock certificates and has not transferred, sold, or otherwise disposed of the certificates, such that neither Kish's nor Mrs. Kish's rights in the certificates have been converted or taken without due process of law.  Citing *United States v. Craft*, 535 U.S. 274 (2002), the United States asserts that "a federal tax lien attaches to a taxpayer's interest in property that is held as a tenant by the entirety," such that "the federal tax liens filed against Kish are attached to his interest in the stock certificates." (Docket Entry No. 93 at 2).  The United States also disputes Kish's assertion that the funds received from the IRS levies exceed the United

States's claims.  The United States asserts that while the United States has received approximately $46,000 from the IRS levies to date, Kish's remaining tax liability for the tax year 2000 is over $171,000.

Kish points to no evidence supporting his argument that the attachment and seizure of the stock certificates was illegal or that he has no interest in the stock certificates. Although Kish asserts in his "motion to resolve" that he and Mrs. Kish are joint tenants or tenants by the entirety of the stock certificates, he has also represented that he is the certificates' sole owner.  (Docket Entry No. 71, Ex. 14 at 56–57).  Regardless of whether Kish is the certificates' sole owner or is a joint tenant or tenant by the entirety of the certificates, he has not shown that the federal tax liens against him should not attach to the certificates.  The Supreme Court has held that a spouse's interest in "entireties property," such as the interest that Kish claims in his motion to resolve, constitutes "'property' or 'rights to property' for the purposes of the federal tax lien statute." *Craft*, 535 U.S. at 288.  The Supreme Court has also noted that the fact that a spouse "could not unilaterally alienate [property held in joint tenancy] does not preclude [the spouse] from possessing 'property and rights to property'" to which a federal tax lien may attach under the federal tax lien statute. *Id.* at 285.

Kish has not shown that the attachment and seizure of the stock certificates was improper or that the United States should relinquish possession of the certificates to him or Mrs. Kish.  Kish's "motion to resolve" is denied.

### III.    Kish's Notice of Violation of Federal Rules of Civil Procedure, Rule 4(c)(2), and Notice of Complaint

8

In his Notice of Violation of Federal Rule of Civil Procedure, Rule 4(c)(2), and Notice of Complaint, Kish asserts that the United States improperly served Mrs. Kish with a summons and the United States's amended complaint because an IRS agent served the summons and complaint. (Docket Entry No. 85). Kish contends that under Rule 4(c)(2), only a "person who is not a party" may serve a summons and complaint and that the IRS violated Rule 4(c)(2) by effecting service of process through its agent. Kish also asserts that the IRS agent did not timely file proof of service. Kish asks this court to "invalidate the summons" to Mrs. Kish. (Docket Entry No. 85 at 5).

Citing *Blackmar v. Guerre*, 342 U.S. 512, 514 (1952), the United States responds that "in actions involving federal taxes the proper party is the United States and not the Internal Revenue Service or its employees." (Docket Entry No. 92 at 1). The United States asserts that service on Mrs. Kish was proper because an IRS agent is not a party to the suit under Rule 4(c)(2). The United States notes that Mrs. Kish filed a letter with this court as her response to the summons and amended complaint on December 30, 2007.

The IRS is not an entity capable of suing or being sued. In cases involving the IRS, the real party in interest is the United States of America. *See In re Laughlin*, 210 B.R. 659, 660 (1st Cir. 1997); *see also In re Smith*, 205 B.R. 226, 227 n.1 (9th Cir. 1997) ("It is a well settled principle that the IRS cannot be sued and the proper party in actions involving federal taxes is the United States of America." (citations omitted)). Neither the IRS nor its agents is considered a party to this litigation. An IRS agent could properly serve Mrs. Kish with process. An IRS agent timely served Mrs. Kish under Rule 4(m) within 120 days after the

9

United States filed its amended complaint on November 8, 2007.  Under Rule 4(l)(1), proof of service is to be made to the court, although Rule 4(l)(d) states that "[f]ailure to prove service does not affect the validity of service" and that "[t]he court may permit proof of service to be amended."  The IRS agent filed proof of service on January 16, 2008.  The record does not show that the service of process on Mrs. Kish was improper or that the summons to Mrs. Kish should be invalidated.

Kish's notice of complaint and request that this court invalidate the summons to Mrs. Kish is denied.

**IV.    Kish's Notice of Claim of Rights and Notice of Understanding and Intent**

Kish makes a number of assertions in his Notice of Claim of Rights, (Docket Entry No. 89), or his Notice of Understanding and Intent, (Docket Entry No. 97), that do not ask this court for any action or relief.  In his Notice of Claim of Rights, Kish asks this court to take judicial notice of certain facts and rights that he claims arise out of a notice of deposition issued to him in January 2008.  The record shows that the United States did not depose Kish and does not intend to depose him under the deposition notice.  The issues Kish asserts relating to the deposition notice are moot.  This court declines to take judicial notice of the facts and rights that Kish asserts.

## V.      Conclusion

The United States's motion to appoint receiver is granted.  Kish's motion to resolve and notice of complaint are denied.  Docket call is set for **June 27, 2008 at 2:00 p.m.** in Courtroom 11-B to address any remaining issues, including Mrs. Kish's interest in the stock certificates.

SIGNED on June 16, 2008, at Houston, Texas.

_____
                        Lee H. Rosenthal
                United States District Judge

11