**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSEPH MICHAEL KISH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-2389 |
| | § | |
| DAVID A. ROGERS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The United States intervened in a small-claims court suit filed by Joseph Michael Kish, asserting a lien for unpaid federal income taxes. The United States removed the case to federal court to recover unpaid taxes for the 2000, 2001, 2002, and 2003 tax years, as well as for interest and penalties. In response, Kish, who is representing himself, raised arguments often raised by those protesting the United States's right to collect federal income taxes.

The United States moved for summary judgment as to the amount of taxes due and owing and of interest and penalties. That motion was granted. Because both Kish and his ex-wife, Jan Kish, owned shares of General Electric and of Altria/Philip Morris that the United States attached to help satisfy the liability, the United States moved to amend to add Jan Kish as a party. That motion was granted. The United States also moved to appoint a receiver to sell Kish's interest in his royalty contract with Research Mannikins. That motion was granted in June 2008. On November 18, 2008, this court entered an order confirming

the receiver's sale of Kish's interest in the contract and an order granting the United States's motion to sell and transfer the General Electric and Altria/Phillip Morris stock.

Kish has moved, for the second time, to set aside the summary judgment, (Docket Entry No. 120), and the United States has responded, (Docket Entry No. 125). Kish also filed an "Objection to Court's Order Confirming Sale and Sale and Transfer of Stock." (Docket Entry No. 124). The United States has moved to distribute the proceeds from the sale of Kish's interest in the royalty contract. (Docket Entry No. 123).

Based on the motions and responses, the parties' submissions, and the applicable law, this court denies Kish's motion to set aside the judgment and his objection to the orders confirming the sale of the contract royalty interest and the sale and transfer of the stock, and grants the United States's motion to distribute the proceeds of sale. The reasons for these rulings are set out below.

## I. Background

The relevant background is detailed in this court's previous memoranda and orders and only summarized here. Briefly, Kish designs and sculpts models for life-size animal mannequins for taxidermy-supply companies, including Research Mannikins, Inc. In May 2001, Kish and Research Mannikins entered into a "Research Mannikins Sculptor Royalty Agreement." Under this agreement, Research Mannikins manufactured and sold taxidermy pieces using Kish's models and paid him a 10% royalty on each sale. The royalty payments were quarterly and averaged between $20,000 to $25,000 per year. The parties' agreement provided that Research Mannikins will make royalty payments to Kish "in perpetuity."

For tax years 2000, 2001, 2002, and 2003, Kish failed to pay federal income tax. The Internal Revenue Service (IRS) issued Kish a statutory Notice of Deficiency for his tax liability for each year. On December 13, 2005, the IRS issued a Notice of Levy to Research Mannikins based on Kish's tax deficiency. (Docket Entry No. 59, Ex. 20). The Notice listed an unpaid balance of $166,827.96 for tax year 2000; an unpaid balance of $9,830.27 for tax year 2001; an unpaid balance of $8,160.74 for tax year 2002; and a penalty of $321.85 for tax year 2000. (*Id.*). The Notice also provided details of "Statutory Additions" for each unpaid balance that brought the total amount due to $210,876.10. The Notice explained that it was "a notice of levy we [the IRS] are using to collect money owed by the taxpayer named above [Kish]" and that "[t]his levy requires you to turn over to us" Kish's wages, salary, or other income for which Research Mannikins is obligated "until this levy is released." (*Id.*). Research Mannikins complied with the levy and sent the royalty payments to the IRS. Kish sued Research Mannikins and others in small-claims court to collect the royalty payments; the United States intervened and removed to federal court.

In a memorandum and order dated October 22, 2007, this court granted the United States's summary judgment motion, finding that Kish was liable to the United States for the federal income taxes assessed against him for the 2000, 2001, 2002, and 2003 tax years, plus interest and statutory penalties, and that the IRS levy on Kish's royalty payments from Research Mannikins was proper. (Docket Entry No. 64). Kish filed a motion to set aside the grant of summary judgment, arguing, *inter alia*, that he was not subject to federal income tax. (Docket Entry No. 70). This court denied Kish's motion on January 30, 2008. (Docket Entry

No. 82).

This court granted the United States's motion to appoint a receiver to sell Kish's interest in the Research Mannikins royalty contract under 26 U.S.C. § 7403 and 28 U.S.C. §§ 2001 and 2004. (Docket Entry No. 104). On October 29, 2008, the United States moved for an order to confirm the receiver's sale of Kish's interest in the royalty contract. (Docket Entry No. 115). On October 30, 2008, the United States moved for court approval of the sale and for a court order allowing the sale of the stock the IRS had attached to help satisfy the tax liability. The United States asked for the proceeds of the stock sale to be divided with Kish's ex-wife, Jan Kish, who owned 50% of the stock. (Docket Entry No. 116). On November 18, 2008, Kish again moved to set aside the October 2007 grant of summary judgment. (Docket Entry No. 120). That same day, this court entered an order confirming the receiver's sale of Kish's interest in the royalty contract and an order granting the United States's motion to sell the stock. (Docket Entry Nos. 121, 122). Kish filed his "Objection" on December 1, 2008. (Docket Entry No. 124).

## II. Kish's Motions

Kish argues that this court should set aside the order granting summary judgment because he is not subject to federal income tax and therefore not liable for failing to pay federal income tax. In his "Objection" to this court's recent orders, Kish repeats several arguments that this court previously ruled on and rejected. Kish's motion and objection to this court's recent orders appear to be filed under Rule 60(b) of the Federal Rules of Civil Procedure. While the Federal Rules of Civil Procedure do not expressly provide for a motion

for reconsideration, such relief may be sought through a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998). If the motion is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Id.* (internal citations omitted). Kish's motion was filed more than ten days after this court's order granting summary judgment, and his objection was filed more than ten days after the orders confirming the royalty contract interest sale and approving the stock sale and transfer. The motion and objection are appropriate analyzed under Rule 60(b) motions. *Sheperd v. International Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004).

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Under Rule 60(b)(1), a district court may grant relief from a judgment or order for "mistake, inadvertence, surprise, or excusable neglect" on a motion made within a reasonable time as long as it does not exceed one year after the judgment or order. Kish's motion is untimely because it was filed more than a year after this court's summary judgment order, with no explanation for the delay. The motion is also without merit because Kish has not identified a basis for such relief. *See Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir. 1985) ("Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief") (citations omitted); *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 695 (5th Cir. 1983), *cert. denied*, 464 U.S. 826, 104 S.Ct. 98, 78 L.Ed.2d 103 (1983) (a petitioner merits relief under Rule 60(b)(1) when he demonstrates that a mistake is attributable to special circumstances and not simply an erroneous legal ruling). A motion for relief under Rule 60(b)(1) is "not a substitute for the ordinary method of redressing judicial error-appeal." *Id.* at 696. Kish's claim of legal error, filed more than a year after the order was entered, does not merit relief under Rule 60(b)(1). *See McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993).

Kish has not established any other basis for relief under the grounds enumerated under Rule 60(b)(2) to (5). He does not assert that he has any newly discovered evidence; the

record does not show fraud, misrepresentation, or misconduct by the United States; and the judgment is not void and has not been satisfied. Nor is there a basis for relief under Rule 60(b)(6), which gives district courts the authority to vacate for "any other reason." *See Klapprott v. United States*, 335 U.S. 601, 614-15, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir.1989), *cert. denied*, 493 U.S. 977, 110 S.Ct. 504, 107 L.Ed.2d 506 (1989). Relief under Rule 60(b)(6) is to be granted "only if extraordinary circumstances are present." *Am. Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 815-16 (5th Cir.1993) (citing *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 851 (5th Cir. 1990)); *see also Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (same); *C.P. Interests v. Cal. Pools, Inc.*, No. 01-20341, 2002 WL 496385, at *2 n. 5 (5th Cir. Mar. 20, 2002) (citing *Fackelman v. Bell*, 564 F.2d 734, 737 (5th Cir. 1977)) ("[R]ule 60(b)(6) is a[n] 'extraordinary remedy' available only in 'extraordinary circumstances.'"); *Pantoja v. Tex. Gas & Transmission Corp.*, 890 F.2d 955, 960 (7th Cir.1989), *cert. denied*, 497 U.S. 1024, 110 S.Ct. 3272, 111 L.Ed.2d 782 (1990) (Rule 60(b)(6) is to be applied only in "the most extraordinary of circumstances."). Kish's motion to set aside the summary judgment is based on arguments that have been raised and rejected in numerous different courts. *See, e.g.*, *Craig v. United States*, 30 F.3d 139, 1994 WL 408250, at *2 (9th Cir. 1994) (unpublished table decision) (argument that Section 26 U.S.C. § 6331 only applies to government officials and employees is frivolous because Section 6331(a) explicitly allows the government to levy the property of "any person liable to pay any tax [who] neglects or refuses to pay the same within 10 days after notice and demand"); *United States v. Price*, 798

F.2d 111, 113 (5th Cir. 1986) (rejecting argument that citizens of Texas are not subject to federal income tax); *United States v. Dawes*, 874 F.2d 746, 750-51 (10th Cir. 1989) (argument that "individual common law 'de jure' citizens of Kansas" are exempt from taxation is frivolous); *In re Becraft*, 885 F.2d 547, 548 n.2 (9th Cir. 1989) (argument that federal income tax laws are not applicable to state residents because federal jurisdiction is limited to United States territories and the District of Columbia "has no semblance of merit"); *Weigandt v. United States*, 1996 WL 124219, at *5 (E.D. Wash. Jan. 4, 1996) (arguments that notice of lien was invalid because it was not published in Federal Register and that Section 6321 did not apply to defendant were meritless). Kish's motions and objections do not present the requisite "extraordinary circumstances" that constitute grounds for relief from judgment under Rule 60(b)(6). *See Hess*, 281 F.3d at 216; *Kinnison v. Humana Health Plan of Tex., Inc.*, No. C-06-355, 2007 WL 1700947, at *2 (S.D.Tex. June 8, 2007).

Kish's motion and objections are denied.

## III. The United States's Motion to Distribute Sale Proceeds

The government seeks an order to distribute proceeds from the sale of Kish's interest in the royalty contract. The sale took place on November 24, 2008. The receiver is holding the proceeds in escrow. The United States asks that this court order the receiver to distribute the amount received, $70,500, less expenses of $1,927.25 and the receiver's 5% commission of $3,525.00, to be applied to Kish's unpaid federal income tax liability. The United States's motion to distribute the proceeds is granted. A separate distribution order will be entered.

## V. Conclusion

Kish's motion to set aside the judgment and objection to the orders confirming the sale of his interest in the royalty contract and approving the sale and transfer of stock are denied. The United States's motion to distribute the sale proceeds is granted.

SIGNED on December 12, 2008, at Houston, Texas.

Lee H. Rosenthal
United States District Judge